LLOYD W. CHAPMAN *v.* COUNTY COURT OF DODDRIDGE COUNTY

(No. 7520)

Submitted January 18, 1933. Decided February 21, 1933.

*P. M. Ireland*, for relator.

*C. C. Ware*, and *Rummell, Blagg & Stone*, for respondent Clay D. Hammond.

Litz, Judge:

This is a proceeding in mandamus to compel respondents, J. D. Cox, Okey F. Gallien, and Alvey Ash, members of the county court of Doddridge County and as such constituting the Board of Canvassers of elections of said county, to issue to relator, Lloyd W. Chapman, a certificate of election as a candidate for prosecuting attorney of said county under a re-count of ballots cast for himself and respondent, Clay D. Hammond, as candidates for said office at the last general election.

Chapman and Hammond each received, on a canvass of the election returns, 2267 votes. Upon a re-count of the ballots, demanded by both, 2287 votes were counted for Chapman and 2288 for Hammond. A large number of ballots, rejected or counted, are contested by one or both candidates in this proceeding. A majority of those counted as straight ballots fall within the provisions of chapter 3, article 5, section 19, Code 1931, as follows: "If, in marking either a straight or mixed ticket as above defined, a cross mark is made in the circular space above the name of a party at the head of the ticket, and also one or more cross marks made before the name or names of candidates on the same ticket for offices for which candidates on other party tickets are not individually marked, such marks before the names of candidates on the ticket so marked shall be treated as surplusage and ignored." Many others marked for one or more of the electors in the Republican or Democratic columns and for other candidates on the same ticket were properly counted only for the candidates so marked. *Hatfield* v. *Board*, 98 W. Va. 41, 51, 126 S. E. 708.

Individual ballots will be considered as follows:

Ballot 12, New Melton No. 2, marked in front of the names

of Roosevelt and Garner and the first elector on the Democratic ticket and in the squares opposite the candidate for sheriff, assessor and board of education on the Republican ticket was rejected. It should have been counted for Chapman. *Lambert* v. *Board*, 106 W. Va. 544, 548, 146 S. E. 378.

Ballot No. 6, Greenbrier No. 1, marked with an X in circle under Republican emblem and in front of each Republican elector and an X in front of all the other candidates on the same ticket except Clay D. Hammond for prosecuting attorney and Earl L. Davis for clerk of the circuit court (through whose names horizontal lines were drawn), vertical lines through entire ticket in each of the other columns, and an X in the square opposite Chapman, was improperly counted for Chapman. *Johnson* v. *Board*, 102 W. Va. 703, 714, 136 S. E. 772, ballot No. 1, Loudon District, precinct No. 3.

Ballot No. 9, Greenbrier No. 1, marked by crosses in front of Republican electors and other Republican candidates, a diagonal mark in the square opposite Hammond, erasure of the names of the Republican candidates for commissioner of the county court and house of delegates, and an X in front of the names of their Democratic opponents, was correctly counted for Hammond. *Shore* v. *Board*, 64 W. Va. 705, 63 S. E. 389; *Hatfield* v. *Board*, cited; and *Johnson* v. *Board*, cited.

Ballot No. 10, McClellan No. 1, marked by an X in the circle under the Democratic emblem, a vertical line through squares in front of the names of the Democratic electors, an X in front of the names of Democratic candidates for state senator and sheriff, a verticle line through the squares in front of the state Republican ticket, except the candidates for senator (which is erased), vertical line through the squares in front of the Republican county and district candidates, except for sheriff, was counted for Hammond. It should have been counted for Chapman.

Ballot No. 9, McClellan No. 1, marked by an X in the circle under the Democratic emblem, a vertical line through the squares opposite the Democratic electors, an X in front of the names of the Democratic candidates for clerk of the circuit court and assessor, vertical line through the squares in front of the Republican state, county and district candi-

dates, except clerk of the county court, clerk of the circuit court and assessor, and an X in front of the name of the Republican candidate for county court, was counted for Hammond. It should have been counted for Chapman.

Ballot No. 4, McClellan No. 1, marked by X in the circle under the Democratic emblem, vertical line through the squares in front of Democratic national and state candidates, an X in front of the Democratic candidate for assessor, and an X in front of Republican candidate for sheriff and vertical line through remainder of the Republican county and district ticket, with the exception of the candidate for assessor, was counted for Hammond. It should have been counted for Chapman.

Ballot No. 7, Grant No. 2, marked by a diagonal mark in the circle under the Democratic emblem, was correctly counted for Chapman.

Ballot No. 4, Grant No. 2, marked by X in the circle under the Democratic emblem, and a vertical line through the entire Democratic ticket, was counted for Chapman. This ballot should not have been counted as it is impossible to determine whether the vertical line was intended to emphasize or to counteract the effect of the cross.

Ballot No. 8, McClellan No. 2, marked by vertical lines through all except the Democratic ticket, was correctly counted for Chapman. Code 1931, 3-5-19.

Ballot No. 11, McClellan No. 4, marked by a short diagonal mark in the circle under the Democratic emblem, and X marks in the squares opposite the names of some of the candidates in the Democratic ticket, and an X in front Republican candidate for board of education, was correctly counted for Chapman.

Ballot No. 8, McClellan No. 4, marked by an X to the left of Roosevelt and an X in front of the names of four candidates on the Republican county and district ticket, was correctly counted for Chapman.

Ballot No. 1, South West, marked by vertical lines entirely through all except the Republican column, and extending through most of it (including the square in front of Hammond), and an X in the square touching the vertical line, was counted for Hammond. It should have been rejected, because

of the impossibility of determining whether the cross or vertical line was made first.

The foregoing review of the recount conducted by the board of canvassers results in the election of Chapman by a majority of five votes.

The writ is, therefore, awarded.

*Writ awarded.*